UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MELANIE C. LATRONICA,

        Plaintiff,

   v.

STATE OF CALIFORNIA, et al.,

        Defendants.

No. 2:12-cv-01047-MCE-GGH-PS

ORDER

----oo0oo----

Plaintiff Melanie C. Latronica previously moved for an "Emergency Protective Order" on grounds that she is "a victim of technology that's in my mind and in my neck and head." She claims to "being tapped out and violated" and states that she has "been a victim for over ten years and just recently my head was cut open." Concurrently with the above-described motion, filed on April 20, 2012, Plaintiff filed a three-page complaint that appears to allege "civil rights" and a "technical violation in my body", among other contentions. At least in the caption to the complaint, Plaintiff requests a "madatory (sic) injunction".

///

1    This Court construed Plaintiff's Motion as an application
2 for temporary restraining order and, by Order dated April 27,
3 2012, denied that application on several procedural grounds,
4 including Plaintiff's failure to submit an affidavit detailing
5 her efforts to provide notice to the defendants, or,
6 alternatively, the reasons why such notice should not have been
7 provided, as required by Local Rule 231(c)(5).
8    Plaintiff subsequently filed both a supplement to her
9 complaint and supporting declaration on May 16, 2012.  Then, on
10 May 31, 2012, Plaintiff filed yet another request for an
11 "emergency protective order", this time against a Mark Churchill
12 who, as far as this Court can ascertain, was not even mentioned
13 in any of Plaintiff's previous filings with the court.  Plaintiff
14 appears to claim that Churchill has intercepted her phone lines,
15 "has had people terrorizing [her] nonstop", and has had her car
16 totaled.  Plaintiff goes on to explain that "every apartment I've
17 lived in has technology in the walls".  She argues that she has
18 been the victim of cybernetics and cyber-slavery and asks that
19 this Court make Churchill divulge to whom she may have been
20 "sold".
21    Plaintiff still has not established how she has provided any
22 notice to any defendant here of the relief she now once again
23 seeks.  Even more fundamentally, there is no clear indication of
24 what Mark Churchill did, or even whether he is a party to this
25 lawsuit against whom any injunctive relief can be had.
26 Plaintiff's latest application, along with the other documents
27 previously provided to the Court, are all but incomprehensible.
28 ///

1    In order to qualify for injunctive relief, Plaintiff must,
2 at minimum, demonstrate a "fair chance of success" that her
3 claims will ultimately prevail on their merits. *See, e.g.*,
4 Johnson v. Calif. State Bd. Of Accountancy, 72 F.3d 1427, 1430
5 (9th Cir. 1995). This means that Plaintiff must demonstrate some
6 likelihood of obtaining a favorable result in her case in chief.
7 Original Appalachian Artworks v. Topps Chewing Gum, 642 F. Supp.
8 1031, 1034 (N.D. Ga. 1986); A&M Records, Inc. v. Napster, Inc.,
9 239 F.3d 1004, 1005, fn. 3 (9th Cir. 2001). No matter how severe
10 or irreparable the injury asserted, an injunction should never
11 issue if the moving party's claims are so legally untenable that
12 there is virtually no chance of prevailing on the merits. State
13 of Texas v. Seatrain Int'l, S.A. 518 F.2d 175, 180 (5th Cir.
14 1975).

15   The inherent implausibility of the claims asserted by
16 Plaintiff makes it impossible for this Court to conclude there is
17 any likelihood she will ultimately prevail. Consequently, the
18 requested temporary restraining order cannot issue. Plaintiff's
19 request for injunctive relief (ECF No. 8) is accordingly DENIED.
20   IT IS SO ORDERED.

Dated: June 5, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE