IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MELANIE LATRONICA,

    Plaintiff,                             CIV. NO. S-12-1047 MCE GGH PS

    vs.

STATE OF CALIFORNIA,

                                                 <u>ORDER</u>

    Defendant.

_____/

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by E.D. Cal. L.R. 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

        The determination that a plaintiff may proceed in forma pauperis does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

\\\\\

1   A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.

\\\\\

\\\\\

2

1  The complaint alleges a violation of civil rights and "technical violation in my
2  body."[1] Plaintiff explains that she attended a case management conference in 2007 in Merced
3  County Superior Court. Although a trial date was set, plaintiff claims the judge "vacated that and
4  did not honor my rights to Justice and Restitution as well as all Judges at that court that I was
5  being passed around to when I attended so many hearings." (Compl. at 1-2.) Plaintiff then
6  asserts that she has "been to so many courts with no relief." The complaint contains no other
7  claims.

8  Plaintiff has filed two motions for injunctive relief, both of which were denied by
9  the district court. In those motions, plaintiff alleges that she has "been a victim for over ten years
10 and just recently my head was cut open." (Dkt. no. 3.) She also asserts that "every apartment
11 I've lived in has technology in the walls." She claims that it is "a crime to use internal
12 technology hidden in the body to unlawfully deprive a person of [their] rights...." (Dkt. no. 8.)

13 A federal district court does not have jurisdiction to review legal errors in state
14 court decisions. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983);
15 Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This doctrine has not aged well with
16 time. In recently advocating the abolishment of a doctrine not at issue here, Justice Stevens
17 characterized the lack of vitality in Rooker-Feldman:

> Rather than preserving whatever vitality that the "exception" has
> retained as a result of the Markham dicta, I would provide the
> creature with a decent burial in a grave adjacent to the resting place
> of the Rooker-Feldman doctrine. See Lance v. Dennis, 546 U.S.
> 459, ----, 126 S.Ct. 1198, 1204, 163 L.Ed.2d 1059 (2006)
> (STEVENS, J., dissenting).

22 Marshall v. Marshall, 547 U.S. 293, 318 (2006) (Stevens, J. dissenting). However, while
23 consigning Rooker-Feldman to life support, a majority of the Supreme Court has not laid the
24 doctrine to rest in the grave prepared by Justice Stevens:

---

[1] Plaintiff has included original x-rays with her complaint, labeled, "abdomen."

> Rooker-Feldman, we explained, is a narrow doctrine, confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S., at 284, 125 S.Ct. 1517.

Lance v. Dennis, 546 U.S. 459, 464 (2006), quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005).

The Ninth Circuit has also clarified the doctrine in Noel v. Hall, 341 F.3d 1148 (9th Cir. 2003):

> If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision, Rooker-Feldman bars subject matter jurisdiction in federal district court. If, on the other hand, a federal plaintiff asserts as a legal wrong an allegedly illegal act or omission by an adverse party, Rooker-Feldman does not bar jurisdiction.

Id. at 1164.

The only claim that the court can glean from plaintiff's mostly fantastic complaint is that she is complaining of a state court judge's decision in a previous case. Such a claim is barred by Rooker-Feldman. Plaintiff is advised that if she continues to allege a legal error in a past state court decision, her action will be dismissed.

Finally, the State of California has Eleventh Amendment immunity in this case and may not be a defendant in federal court.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not

4

1 | sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

2 |      In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

     Good cause appearing, IT IS ORDERED that:

     1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

     2.  The complaint is dismissed for the reasons discussed above, with leave to file an amended complaint within twenty-eight (28) days from the date of service of this Order.  Failure to file an amended complaint will result in a recommendation that this action be dismissed.

DATED: June 22, 2012

                                                /s/ Gregory G. Hollows
                                  UNITED STATES MAGISTRATE JUDGE

GGH/076
Latronica1047.amd.wpd